IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER K. TERUYA, ) | CIVIL NO. 10-00282 JMS/KSC |
| ) | |
| Plaintiff, ) | ORDER (1) DENYING WITHOUT |
| ) | PREJUDICE THIRD-PARTY |
| v. ) | DEFENDANT PATRICIA KIM |
| ) | PARK'S MOTION FOR JUDGMENT |
| PRISCILLA D. SHAW; et al., ) | ON THE PLEADINGS; AND |
| ) | (2) DENYING WITHOUT |
| Defendants. ) | PREJUDICE THIRD-PARTY |
| _____ ) | DEFENDANTS RUBY UEHARA |
| FRANK COLUCCIO ) | AND MARION YASUI'S MOTION |
| CONSTRUCTION COMPANY, ) | FOR SUMMARY JUDGMENT, AS |
| ) | TO THIRD-PARTY PLAINTIFFS |
| Third-Party Plaintiff, ) | DIANE FUJIKAMI, WELA |
| v. ) | KALHOEFER, AND ALL ISLANDS, |
| ) | INC., DBA CENTURY 21 ALL |
| RUBY TERUYA UEHARA and ) | ISLANDS' THIRD-PARTY |
| MARION TOMIE YASUI, ) | COMPLAINTS |
| ) | |
| Third-Party Defendants. ) | |
| _____ ) | |
| DIANE FUJIKAMI, WELA ) | |
| KALHOEFER; and ALL ISLANDS, ) | |
| INC., a Hawaii Corporation dba ) | |
| CENTURY 21 ALL ISLANDS, ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| v. ) | |
| ) | |
| RUBY UEHARA and MARION T. ) | |
| YASUI, ) | |
| ) | |
| Third-Party Defendants. ) | |
| _____ ) | |

```
DIANE FUJIKAMI, WELA           )
KALHOEFER; and ALL ISLANDS,    )
INC., a Hawaii Corporation dba )
CENTURY 21 ALL ISLANDS,        )
                               )
        Third-Party Plaintiffs,)
   v.                          )
                               )
PATRICIA KIM PARK,             )
                               )
        Third-Party Defendant. )
_____)
```

**ORDER (1) DENYING WITHOUT PREJUDICE THIRD-PARTY DEFENDANT PATRICIA KIM PARK'S MOTION FOR JUDGMENT ON THE PLEADINGS; AND (2) DENYING WITHOUT PREJUDICE RUBY UEHARA AND MARION YASUI'S MOTION FOR SUMMARY JUDGMENT, BOTH AS TO THIRD-PARTY PLAINTIFFS DIANE FUJIKAMI, WELA KALHOEFER, AND ALL ISLANDS, INC., DBA CENTURY 21 ALL ISLANDS' THIRD-PARTY COMPLAINTS**

## I. INTRODUCTION

Before the court are two Motions challenging Third-Party Complaints filed by Defendants/Third-Party Plaintiffs Diane Fujikami ("Fujikami"), Wela Kalhoefer ("Kalhoefer") and All Islands, Inc., dba Century 21 All Islands ("Century 21") (collectively, "the Realtor Defendants") against Third-Party Defendant Patricia Kim Park ("Park"), and against Third-Party Defendants Ruby Uehara ("Uehara") and Marion Yasui ("Yasui"). First, Park has filed a Motion for Judgment on the Pleadings as to the Realtor Defendants' Third-Party Complaint filed against her on May 4, 2012. Doc. No. 201. Second, Uehara and Yasui have

filed a Motion for Summary Judgment as to the Realtor Defendants' Third-Party Complaint filed against them on February 17, 2012. Doc. No. 208. Based on the following, the court DENIES both Motions without prejudice.

## II. BACKGROUND

A.   **Factual Background**[1]

   1.   *The Complaint*

This action arises out of environmental pollution occurring on ten acres of agricultural land located on Hakimo Road in Waianae, Hawaii ("the property") owned by Plaintiff Peter K. Teruya ("Plaintiff"). Doc. No. 1, Compl. ¶ 18. Plaintiff acquired the property on October 19, 2004 from Defendants Frederick Jacobs ("Jacobs") and Linda Nichols ("Nichols"). *Id.* ¶¶ 23, 36. Plaintiff's suit concerns pollution and cleanup both before and after Plaintiff acquired the property (although it is not clear whether the alleged injury is confined to, or divisible between, those time periods). Beginning in 2008, the

---

[1] The facts are primarily taken as alleged in the Complaint and the Third-Party Complaints, which allegations the court assumes are true for purposes of Third-Party Defendant Patricia Park's Motion for Judgment on the Pleadings. *See Yakima Valley Mem'l Hosp. v. Wash. Dep't of Health*, 654 F.3d 919, 925 (9th Cir. 2011). With respect to the Motion for Summary Judgment by Third-Party Defendants Ruby Uehara and Marion Yasui, the allegations are supplemented by declarations and excerpts from Plaintiff's deposition testimony, and the court construes any disputes of material fact in the light most favorable to the Third-Party Plaintiffs. *See, e.g.*, *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 996 (9th Cir. 2012). The thirty-nine page Complaint alleges many details that are not germane to the present Motions, and thus the Order recounts only those facts necessary to understand the Motions.

Environmental Protection Agency ("EPA") and the Hawaii Department of Health brought administrative clean-up actions against Plaintiff, and the EPA subsequently spent more than $650,000 in remediation costs. *Id.* ¶ 78. The EPA intends to recover those and other costs from Plaintiff. *Id.* ¶ 21. Since then, Plaintiff conducted his own additional cleaning of the property, and further remediation is needed. *Id.* ¶¶ 82-84. His suit seeks, among other relief, to recover costs and damages related to the clean-up.

Kalhoefer was a real estate agent affiliated with Century 21 who represented Plaintiff in connection with the purchase of the property. *Id.* ¶ 22. Fujikami, a real estate agent also affiliated with Century 21, represented the sellers Jacobs and Nichols in the transaction. *Id.* ¶ 23. The court refers to Jacobs, Nichols, Kalhoefer, Fujikami, and Century 21 collectively as "the Seller Defendants."

Three of the Complaint's sixteen Counts allege that the Seller Defendants were negligent, committed fraud, and committed negligent misrepresentation in connection with the October 2004 sales transaction or in clean-up efforts in November and December 2004. *Id.* ¶¶ 31-33, 155-161, 168-173, 174-176. The precise injury to Plaintiff related to those three Counts, however, is not clear from the Complaint. The present Motions primarily concern

the factual allegations related to these three Counts against the Seller Defendants (and the Realtor Defendants in particular). Nevertheless, to place the present Motions in context, the court sets forth the basic allegations of the other Counts of the Complaint against other Defendants.

After acquiring the property, Plaintiff moved to Okinawa and has never occupied the property. *Id.* ¶ 36; Doc. No. 222-2 at 7, Pl.'s Depo. at 165. In May 2005, Plaintiff leased the property to Defendant Priscilla Shaw ("Shaw") with a farm lease restricted to agricultural uses ("the May 2005 farm lease"). Doc. No. 1, Compl. ¶¶ 37, 39. Shaw allegedly discovered solid waste, including car parts, scrap metal, and construction debris on the property. *Id.* ¶ 38. Shaw used the property for recycling, burning waste, and as a junkyard. *Id.* ¶ 40. She also sublet portions of the property in violation of the May 2005 farm lease to Defendants A&A Services ("A&A"); Walter Chung ("Chung"); Cy Taxi Leasing, dba Kapolei Auto Recycling ("Kapolei Auto"); Ivory Transport and Equipment Rentals, LLC ("Ivory Transport"); and Jerry Giordano, individually and dba Giordano's Painting (collectively "Giordano"). *Id.* ¶¶ 41-43. Thereafter, A&A, Chung, Kapolei Auto, Ivory Transport, and Giordano polluted the property, *i.e.*, "caused the generation, release and/or discharge of solid and/or hazardous waste in and on the [p]roperty in violation of" the May 2005 farm lease. *Id.* ¶ 47. These Defendants also failed to

remediate or remove waste from the property. *Id.* ¶ 48.

Sometime before June 12, 2008, Defendant Hawk Transport Services ("Hawk Transport") or Defendant Frank Collucio Construction Company ("Frank Collucio") subcontracted with Ivory Transport to transport waste from road work being done by Frank Collucio. *Id.* ¶ 49. On or before June 12, 2008, Ivory Transport, Hawk Transport, and/or Frank Collucio transported such waste to the property, in violation of the May 2005 farm lease. *Id.* ¶¶ 50, 51. The court refers to Jacobs, Nichols, Shaw, A&A, Chung, Kapolei Auto, Giordano, Ivory Transport, Hawk Transport, and Frank Collucio as "the Environmental Defendants."

Seven Counts of the Complaint seek relief against the Environmental Defendants under federal and state statutes -- the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., and the Hawaii Environmental Response Law ("HERL"), Haw. Rev. Stat. ("HRS") § 128D-1 *et seq*. -- and four Counts seek recovery against the Environmental Defendants under state common law because of the pollution. Finally, two Counts seek recovery exclusively against Shaw for breaching the May 2005 farm lease.

### *2.      The Third-Party Complaints*

During Plaintiff's deposition in October 2011, Plaintiff appeared to contend that others were responsible for monitoring compliance with the May 2005 farm lease. *See, e.g.*, Doc. No. 222-2 at 4, 6, 11-12, Pl.'s Depo. at 104, 123, 188-189. In short, Plaintiff indicated that his sisters Uehara and Yasui, the Realtor Defendants, and Park (an attorney who was involved with the May 2005 farm lease) had some kind of responsibility to monitor the property during relevant periods. *See, e.g.*, *id.* at 12, 15, 18, Pl.'s Depo. at 190, 195, 203. It also became known after the Complaint was filed that Uehara and Yasui have a power-of-attorney (or power-of-attorneys) from Plaintiff that authorizes them, among other powers, to manage the subject property. *See, e.g.*, *id.* at 3-4, Pl.'s Depo. at 52-53. Similarly, Park has a power of attorney dated in 2006 related to the property. *See* Doc. No. 196-3, Third-Party Compl. (Park) Ex. 3.

Based on Plaintiff's deposition testimony and evidence related to the power-of-attorneys, the Realtor Defendants sought and obtained from Magistrate Judge Kevin S.C. Chang leave to file a Third-Party Complaint against Uehara and Yasui, seeking indemnity or contribution from them for any liability that the Realtor Defendants might owe to Plaintiff. Doc. No. 163. They also obtained leave to file a similar Third-Party Complaint against Park. Doc. No. 193.

Likewise, Frank Collucci obtained leave to file a Third-Party Complaint against Uehara and Yasui. *See* Doc. No. 164. (Frank Collucci's Third-Party Complaint is not at issue here, and remains pending against Uehara and Yasui).

Accordingly, on February 17, 2012, the Realtor Defendants, as Third-Party Plaintiffs, filed a Third-Party Complaint against Uehara and Yasui. Doc. No. 165. On May 4, 2012, the Realtor Defendants, as Third-Party Plaintiffs, filed a Third-Party Complaint against Park. Doc. No. 195.

**B.     Procedural Background**

On May 25, 2012, Park filed her Motion for Judgment on the Pleadings as to the Third-Party Complaint against her. Doc. No. 201. On June 18, 2012, Uehara and Yasui filed their Motion for Summary Judgment as to the Third-Party Complaint against them. Doc. No. 208. Both Movants argue that the Realtor Defendants' Third-Party Complaints fail because they seek indemnification or contribution for damages that are not dependent upon Plaintiff's original claims against the Realtor Defendants, and thus violate Federal Rule of Civil Procedure 14(a). The Realtor Defendants filed Oppositions on July 17, 2012. Doc. Nos. 215, 217. On July 24, 2012, Replies were filed. Doc. Nos. 221, 223. The court heard the Motions on August 7, 2012.

## III. DISCUSSION

Federal Rule of Civil Procedure 14(a) allows a defendant to implead a nonparty who is or may be liable to the defendant for all or part of a plaintiff's claim against that defendant. As revised in 2009, the rule provides in part:

> A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.

Fed. R. Civ. P. 14(a)(1).

"A third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." *Uldricks v. Kapaa 382 LLC*, 2007 WL 2694409, at *3 (D. Haw. Sept. 11, 2007) (citations and internal editorial marks omitted). Impleader is commonly used for claims against a third party for indemnification, subrogation, breach of warranty, or contribution among joint tortfeasors. *Id.*

"The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id.* (quoting *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988)).

"It need not be shown that the third party defendant is automatically liable if the defendant loses the underlying lawsuit.  It is sufficient if there is some possible scenario under which the third party defendant may be liable for some or all of the defendant's liability to plaintiff." *Id.* (quoting *FDIC v. Loube*, 134 F.R.D. 270, 272 (N.D. Cal. 1991)).

Both Motions argue that the Realtor Defendants' Third-Party Complaints are improper under Rule 14(a) because they are not attempting to transfer to the Third-Party Defendants liability asserted against the Realtor Defendants by Plaintiff in the original Complaint.  The Motions contend that Plaintiff -- despite what he testified to in his deposition -- has not sued the Realtor Defendants either (1) for violating the federal or state environmental statutes, or related state law claims (as he has against the Environmental Defendants), or (2) for failing to monitor Shaw's compliance with the May 2005 farm lease.  Thus, because they would have no liability to Plaintiff on those claims, the Realtor Defendants cannot be attempting to transfer their liability to the Third-Party Defendants.  In her Motion for Judgment on the Pleadings, Park argues that the Complaint's allegations against the Realtor Defendants predate her involvement.  Similarly, Uehara and Yasui move for summary judgment, contending there is no evidence that they were involved in the October 19, 2004 acquisition of the

property, whether as real estate agents or otherwise as representatives of the Plaintiff.

Nevertheless -- even if the court assumes that the Third-Party Complaints are based primarily on Plaintiff's deposition testimony (and power-of-attorneys for Plaintiff held by Park, and by Uehara and Yasui) -- the court concludes that it is premature to dismiss the Third-Party Complaint against Park, or to grant summary judgment in favor of Uehara and Park as to the Third-Party Complaint against them.

Under Rule 14(a), a defendant, acting as a third-party plaintiff, may implead a joint tortfeasor, including a nonparty "who is or may be liable to it for all or part of the claim against it." "In fact, cases where the applicable state law permits contribution among joint tortfeasors, regardless of whether the plaintiff has sued them all in the first instance, are among the most obvious cases for impleader." *Arroyo Lopez v. Hosp. Dr. Dominguez, Inc.*, 262 F.R.D. 93, 95 (D. P.R. 2009) (citation and editorial marks omitted).

Under HRS § 663-11, "the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the *same injury*[.]" *Durham v. Cnty. of Maui*, 2011 WL 2532468, at *5 (D. Haw. June 23, 2011). "'[W]here defendants, albeit sharing no common purpose or duty, and failing to act in concert,

nevertheless acted concurrently to produce an *indivisible* injury to the plaintiff,' the defendants are joint tortfeasors.'" *Id.* (quoting *Auten v. Franklin*, 942 N.E.2d 500, 509 (Ill. App. 2010)).  And if nonparties are potential joint tortfeasors, any defendant "may attempt to seek contribution from [the nonparties] for any indivisible injuries [they] may have caused, or contributed to causing." *Id.* (citing HRS § 663-12 ("The right of contribution exists among joint tortfeasors.")).

      Here, it is unclear what the "injury" is as to the three Counts asserted against the Realtor Defendants in the Complaint.  Such injury, however, potentially includes damages caused by pollution occurring before the October 2004 transaction, but also continuing into the future.  And it is unclear to the court whether such an injury would be an "indivisible injury" such that Park, Uehara, or Yasui could be joint tortfeasors with the Realtor Defendants.  It is enough for purposes of the present Motions that the Complaint alleges plausible claims against the Realtor Defendants that could include an indivisible injury. *See, e.g.*, Doc. No. 1, Compl. ¶¶ 33, 35, 157, 169, 176.[2]

      That is, at this stage, the court cannot conclude that the Third-Party Defendants cannot be liable for some part of the Realtor Defendants' alleged

---

[2] For purposes of Uehara and Yasui's Motion for Summary Judgment, there is at least some evidence, given the deposition testimony of Plaintiff construed in the light most favorable to the Realtor Defendants, that they may have had some derivative responsibility.

liability to Plaintiff for purposes of Rule 14(a). It is premature to address these questions at this pleading stage, and on the current evidentiary record (*i.e.*, at a pleading stage as to Park's Motion for Judgment on the Pleadings, and at a relatively early evidentiary stage as to Uehara and Yasui's Motion for Summary Judgment). The court thus DENIES both Motions.

The court recognizes that the parties have not focused on these questions of joint and several liability and the nature of the injury as to the specific Counts against the Realtor Defendants, and thus these denials are without prejudice to raising these questions in future proceedings, if appropriate, after further discovery and investigation.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES without Prejudice Third-Party Defendant Patricia Kim Park's Motion for Judgment on the Pleadings as to Third-Party Plaintiffs Diane Fujikami, Wela Kalhoefer, and All Islands, Inc., dba Century 21 All Islands' Third-Party Complaint Against Patricia Kim Park, filed on May 4, 2012 [Doc. No. 201]; and DENIES without prejudice Third-Party Defendants Ruby Uehara and Marion Yasui's Motion for Summary Judgment as to Third-Party Plaintiffs Diane Fujikami, Wela Kalhoefer, and All Islands, Inc., dba

Century 21 All Islands' Third-Party Complaint filed February 17, 2012 [Doc. No. 208].

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, August 10, 2012.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*Teruya v. Shaw et al.*, Civ. No. 10-00282 JMS/KSC, Order Denying Without Prejudice Third-Party Defendant Patricia Kim Park's Motion for Judgment on the Pleadings; and (2) Denying Without Prejudice Third-Party Defendants Ruby Uehara and Marion Yasui's Motion for Summary Judgment, as to Third-Party Plaintiffs Diane Fujikami, Wela Kalhoefer, and All Islands, Inc., Dba Century 21 All Islands' Third-Party Complaints